**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER**, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>**POWUR, PBC INC dba POWUR**, a<br>Delaware entity,<br><br>          Defendant. | Case No. 3:23-cv-00302-KC |

<u>**DEFENDANT POWUR PBC'S**</u>

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED**</u>

<u>**COMPLAINT**</u>

Defendant Powur, PBC ("Defendant") hereby answers Plaintiff Brandon Callier ("Plaintiff")'s First Amended Complaint ("Complaint"). To the extent any allegation is not specifically admitted, it is expressly denied.

<u>**PARTIES**</u>

1.     Defendant admits the allegations Plaintiff makes about himself.

2.     Defendant admits it is a Delaware entity with a principal place of business located at 2683 Via De La Valle #G321, Del Mar, CA 92014, is registered with the Texas Secretary of State as a foreign corporation, and its registered agent is listed as Incorp Services, Inc. located at 815 Brazos Street, Suite 500, Austin, TX 78701. Defendant preserves all jurisdictional defenses.

3.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies the allegations.

1

4.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint, and therefore denies the allegations.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 are prefatory and call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint. Defendant preserves all jurisdictional defenses.

7.      The allegations in Paragraph 7 are prefatory and call for a conclusion of law to which no response is required. To the extent Paragraph 7 contains allegations that Defendant engaged in wrongdoing, Defendant specifically denies all such allegations.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991,

## 47 U.S.C. § 227

8.      The allegations in Paragraph 8 are prefatory and call for conclusions of law to which no response is required.

9.      The allegations in Paragraph 9 are prefatory and call for conclusions of law to which no response is required.

10.     The allegations in Paragraph 10 are prefatory and call for a conclusion of law to which no response is required.

11.     The allegations in Paragraph 11 are prefatory and call for a conclusion of law to which no response is required.

12.     The allegations in Paragraph 12 are prefatory and call for a conclusion of

law to which no response is required.

13.     The allegations in Paragraph 13 are prefatory and call for a conclusion of law to which no response is required.

14.     The allegations in Paragraph 14 are prefatory and call for a conclusion of law to which no response is required.

15.     The allegations in Paragraph 15 are prefatory and call for a conclusion of law to which no response is required.

16.     The allegations in Paragraph 16 are prefatory and call for conclusions of law to which no response is required.

17.     The allegations in Paragraph 17 are prefatory and call for conclusions of law to which no response is required.

18.     The allegations in Paragraph 18 are prefatory and call for conclusions of law to which no response is required.

19.     The allegations in Paragraph 19 are prefatory and call for a conclusion of law to which no response is required.

20.     The allegations in Paragraph 20 are prefatory and call for a conclusion of law to which no response is required.

## **FACTUAL ALLEGATIONS**

21.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies the allegations.

22.     Defendant admits that it sells solar home energy solutions.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 24 of the Complaint, and therefore denies the allegations.

25. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies the allegations and the validity of the information in the table referred to by Plaintiff in Paragraph 25.

26. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint, and therefore denies the allegations and the validity of the information in the table referred to by Plaintiff in Paragraph 26.

27. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint, and therefore denies the allegations.

28. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint, and therefore denies the allegations.

29. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint, and therefore denies the allegations.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations in Paragraph 42 of the Complaint.

43.    Defendant admits that it is the registrant of the Service Mark associated with Registration Number 4892915 and Serial Number 86672494. Defendant denies the remaining allegations in Paragraph 43.

44.    Defendant admits that it is the registrant of the Service Mark associated with Registration Number 4893809 and Serial Number 86672488. Defendant denies the remaining allegations in Paragraph 44.

45.    Defendant denies the allegations in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations in Paragraph 46 of the Complaint.

47.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore denies the allegations.

48.    Defendant denies the allegations in Paragraph 48 of the Complaint.

49.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 49 of the Complaint, and therefore denies the allegations.

50.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint, and therefore denies the allegations.

51.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint, and therefore denies the allegations.

52.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint, and therefore denies the allegations.

53.    Defendant admits that it received an email on May 28, 2023 in which the sender identified himself as Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 53 of the Complaint, and therefore denies those allegations.

54.    Defendant denies the allegations in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint, and therefore denies those allegations.

58.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 58 of the Complaint, and therefore denies those allegations.

59.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint, and therefore denies those allegations.

60.    Defendant denies the allegations in Paragraph 60 of the Complaint.

61.    Defendant admits the allegation in Paragraph 61 of the Complaint.

62.    Defendant admits the allegation in Paragraph 62 of the Complaint.

63.    Defendant admits that Plaintiff emailed one of Defendant's attorneys on August 20, 2023. Defendant denies the remaining allegations in Paragraph 63 of the Complaint.

64.    Defendant admits that one if its attorneys emailed Plaintiff on August 21, 2023. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 65 of the Complaint, and therefore denies those allegations.

6

66.    Defendant denies that any individual identified in Paragraph 66 of the Complaint contacted Plaintiff on Powur's behalf. Defendant admits the remaining allegations in Paragraph 66 of the Complaint.

67.    Defendant admits that one of its attorneys emailed Plaintiff on August 28, 2023 and requested that Plaintiff continue to notify Defendant's attorney of calls Plaintiff received. Defendant denies the remaining allegations of Paragraph 67, including Plaintiff's characterization of incomplete excerpts of Defendant's attorney's email.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 69 of the Complaint, and therefore denies those allegations.

70.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 70 of the Complaint, and therefore denies those allegations.

71.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 71 of the Complaint, and therefore denies those allegations.

72.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore denies those allegations.

73.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 73 of the Complaint, and therefore denies the allegations and the validity of the information in the table included by Plaintiff in Paragraph 73.

74.    Defendant denies the allegations in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations in Paragraph 75 of the Complaint.

76.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 of the Complaint, and therefore denies those allegations.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint.

**VICARIOUS LIABILITY OF DEFENDANT**

78.     Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 80 of the Complaint and therefore denies those allegations.

81.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 81 of the Complaint and therefore denies those allegations.

82.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 82 of the Complaint and therefore denies those allegations.

83.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 83 of the Complaint and therefore denies those allegations.

84.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 of the Complaint and therefore denies those allegations.

85.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 85 of the Complaint and therefore denies those allegations.

86.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 86 of the Complaint and therefore denies those allegations.

87.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 87 of the Complaint and therefore denies those allegations.

88.     Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 88 of the Complaint and therefore denies those allegations.

89.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 89 of the Complaint and therefore denies those allegations.

90.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 90 of the Complaint and therefore denies those allegations.

91.    Defendant denies the allegation in Paragraph 91 of the Complaint.

92.    Defendant denies the allegation in Paragraph 92 of the Complaint.

93.    Defendant denies the allegation in Paragraph 93 of the Complaint.

94.    Defendant denies the allegation in Paragraph 94 of the Complaint.

95.    Defendant denies the allegation in Paragraph 95 of the Complaint.

96.    Defendant denies the allegation in Paragraph 96 of the Complaint.

97.    Defendant denies the allegation in Paragraph 97 of the Complaint.

98.    Defendant denies the allegation in Paragraph 98 of the Complaint.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS RESULT OF THE CALLS

99.    Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

103.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 103 of the Complaint, and therefore denies the allegations.

//

9

## COUNT ONE:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, U.S.C. 227(c),

### and 47 C.F.R. § 64.1200(C))

104.   The allegation in Paragraph 104 is prefatory and requires no response.

105.   Defendant denies the allegations in Paragraph 105.

106.   Defendant denies the allegations in Paragraph 106.

107.   Defendant denies the allegations in Paragraph 107.

108.   Defendant denies the allegations in Paragraph 108.

109.   Defendant denies the allegations in Paragraph 109.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief pled in this section of the Complaint, including the relief requested in subparagraphs labeled "A." through "G." Defendant denies that Plaintiff is entitled to any other relief requested elsewhere in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint, Defendant asserts the following affirmative defenses and reserves the right to add additional affirmative defenses as discovery proceeds. Each affirmative defense is asserted as to all causes of action unless otherwise noted. By asserting these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where the burden belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court does not have subject matter jurisdiction under Article III of the U.S. Constitution. Additionally, upon information and belief, this Court lacks jurisdiction to hear Plaintiff's state law claims under Texas state law.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing (Constitutional and Prudential))

Plaintiff's claims are barred for lack of standing.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

This Court cannot exercise personal jurisdiction over Defendant consistent with the Fifth and Fourteenth Amendments to the U.S. Constitution.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

On information and belief, the Complaint fails to state a claim for which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

### (Prior Express Consent)

On information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff may have provided prior express written consent for the calls and texts at issue in this action.

//

//

## SIXTH AFFIRMATIVE DEFENSE

### (No ATDS)

On information and belief, Plaintiff's claims are barred, in whole or in part, because an automatic telephone dialing system was not used to place the calls at issue in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Artificial or Prerecorded Voice)

On information and belief, Plaintiff's claims are barred, in whole or in part, because no artificial or prerecorded voice was used to deliver a message in the calls at issue in this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Agency/Vicarious Liability)

On information and belief, Defendant is not liable for calls made by other persons or entities, or by the agents, employees, subcontractors, or affiliates of other persons or entities. In particular, Plaintiff's claims are barred because Defendant neither engaged in nor caused any other individual identified in the Complaint to engage in unlawful conduct. In particular, with regard to allegations of violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), Defendant did not provide substantial assistance nor consciously avoid knowing that third-party telemarketer action gave rise to any unlawful conduct alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct, actions,

12

and inactions, which amount to and constitute an estoppel of the claims and relief sought.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims are barred, in whole or in part, by releases, express and implied, granted or authorized.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process)

To the extent the TCPA is applied against Defendant in this case to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the alleged activity, the TCPA violates the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution. While Plaintiff is not entitled to any relief in this case against Defendant, Plaintiff seeks to impose extraordinary liability on Defendant, grossly disproportionate to any actual harm alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment)

To the extent the TCPA is applied against Defendant in this case to impose liability that would be grossly disproportional to any actual harm caused by the alleged activity, the TCPA violates the Eighth Amendment to the U.S. Constitution, which prohibits excessive fines. While Plaintiff is not entitled to any relief in this case against Defendant,

13

Plaintiff seeks to impose extraordinary liability on Defendant, far in excess of any actual harm alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

Plaintiff's claims are barred, in whole or in part, based upon an established business relationship.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiff's TCPA claims are barred, in whole or in part, by the safe harbor as set forth in 47 C.F.R. §64.1200(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

Plaintiff's claims are barred, in whole or in part, on the grounds that the unlawful acts alleged, if they occurred at all, were the acts of third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, based on Plaintiff's failure to mitigate damages.

//

//

## NINETEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Assumption of the Risk, Inviting the Harm, and *Volenti non fit Injuria*)

Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of the risk, inviting the harm, and *volenti non fit injuria.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contribution)

The acts alleged in the Complaint, as well as the damages and harms alleged therein, which are expressly denied, were caused and/or contributed to by the acts and omissions of third parties over which Defendant had no control and had no duty to control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent)

In general, consent by a plaintiff will preclude subsequent litigation as to the matters to which consent is given. On information and belief, Plaintiff may have consented to the complained-of conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Bad Faith)

Any and all acts, occurrences, and damages alleged or referred to in the Complaint were proximately caused by the bad faith of Plaintiff and/or others in that Plaintiff and/or others failed to deal properly, fairly, honestly, and reasonably with Defendant. Therefore, the comparative bad faith of Plaintiff and/or others reduces Plaintiff's right to recovery, if

any, by the amount which their bad faith contributed to the damages alleged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims are barred by Plaintiff's own comparative fault.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery, and thus Defendant reserves the right to amend its answer to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant prays that the Court determine that:

1.      Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice;

2.      Plaintiff takes nothing by his claim, and that judgment be entered against Plaintiff and in favor of Defendant;

3.       Defendant be awarded its costs of suit and attorney's fees to the extent they are available by law; and

4.      The Court award Defendant such other relief and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant hereby demands a trial by jury of all issues so triable.

//

16

Respectfully submitted,

DATED: November 22, 2023                **KRONENBERGER ROSENFELD, LLP**


By: ___s/ Karl S. Kronenberger_____
    Karl S. Kronenberger (CA Bar No. 226112)
    150 Post Street, Suite 520
    San Francisco, CA 94108
    karl@kr.law
    Telephone: (415) 955-1155
    Fax: (415) 955-1158

Attorneys for Defendant Powur, PBC

## CERTIFICATE OF SERVICE

I am a resident of the state of California, over the age of eighteen years and not a party to this action. My business address is 150 Post Street, Suite 520, San Francisco, California, 94108.

I hereby certify that on November 22, 2023 I served:

**1) DEFENDANT POWUR, PBC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

on the parties listed below as follows:

*Plaintiff pro se:*

Brandon Callier
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com

| X | BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the U.S. Postal Service the same day as it is placed for processing. |
|---|---|
| X | BY EMAIL, to the address(es) listed above. |
| X | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

DATED: November 22, 2023

s/ Karl S. Kronenberger
Karl S. Kronenberger

18