**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER**, an individual, | Case No. 3:23-cv-00302-KC |
| Plaintiff, | |
| v. | |
| **POWUR, PBC INC dba POWUR**, a Delaware entity, | |
| Defendant. | |

## Report of Parties' Planning Meeting

**Caption of Case**

Brandon Callier, an individual and plaintiff pro se

Powur, PBC, a Delaware entity

**Date Complaint Filed:**

Initial Complaint filed August 17, 2023.

First Amended Complaint filed November 9, 2023.

**Date Complaint Served:**

Waiver for Initial Complaint sent August 18, 2023.

**Date of Defendant's Appearance:**

October 16, 2023.

Answer to First Amended Complaint filed November 22, 2023.

**Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on July 7, 2023. The participants were:**

Brandon Callier, Plaintiff pro se

1

James D. Carlson on behalf of Defendant Powur, PBC

## A.     <u>Certification</u>

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## B.     <u>Jurisdiction</u>

### A.     Subject Matter Jurisdiction

[Provide a statement of the basis of subject matter jurisdiction with appropriate statutory citations. If Plaintiff's allegation of subject matter jurisdiction is contested, specify the basis for such a challenge.]

Plaintiff alleges that this Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. ¶ 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

Defendant contests subject matter jurisdiction on the basis that Plaintiff has not experienced and has not sufficiently alleged a concrete injury in fact to establish Article III standing, as set forth by the Supreme Court in *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). Defendant preserves all defenses to subject matter jurisdiction.

### B.     Personal Jurisdiction

[State whether personal jurisdiction is contested and, if it is, summarize the parties competing positions].

Plaintiff alleges this Court has personal jurisdiction over Defendant because they conduct business in this District and in the State of Texas and the events giving rise to this lawsuit occurred in this District.

Defendant contends this Court cannot exercise personal jurisdiction over Defendant consistent with the Fifth and Fourteenth Amendments, as Congress has not given federal court's personal jurisdiction through the TCPA. Defendant preserves all defenses to personal jurisdiction.

## III.    <u>Brief Description of the Case</u>

[Briefly summarize the claims and defenses of all parties and describe the relief sought. If agreement cannot be reached on a joint statement, each party must provide a short separate statement. The requirement that the parties briefly summarize their claims and

defenses is not intended to be unduly burdensome. The parties are obligated to discuss and consider the nature of their claims and defenses at the planning conference in order to formulate a meaningful case management plan. Moreover, the presiding judge needs to be informed of the nature of the claims and defenses in order to evaluate the reasonableness of the parties' proposed plan. The statement of the parties' claims and defenses, whether set forth jointly or separately, does not preclude any party from raising new claims and defenses as permitted by other applicable law.]

### A.    Claims by Plaintiff(s)

Plaintiff contends Defendant is liable for the actions of its contractors.  Plaintiff Contends Powur provided its contractors with the use of Powur logos, websites, email domains, and access to Powur proprietary software and information.  Plaintiff contends the contractors had both apparent authority and actual authority to place phone calls on behalf of Defendant.

### B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant

Defenses of Defendant:

Defendant alleges it is not responsible for any of the call that Plaintiff alleges in the First Amended Complaint. Specifically:

- Defendant does not make outbound telemarketing phone calls.
- Defendant does not enlist telemarketers or lead-generation companies to make telemarketing calls.
- Defendant has attempted to verify the phone numbers listed in Plaintiff's First Amended Complaint, but Defendant discovered no information linking the numbers that call Plaintiff to the offshore telemarketers identified by Plaintiff or another readily traceable entity.
- The individual sellers that Plaintiff identifies in the First Amended Complaint are not agents of Powur.
- Plaintiff claims are barred for lack of standing.
- Defendant believes that Plaintiff may have provided prior express written consent to receive the calls alleged in the Complaint.

Claims of Defendant: Defendant is not asserting any counterclaims.

### C.    Defenses and Claims of Third Party Defendant(s)

There are no third-party defendants in this case.

### IV.    Statement of Undisputed Facts

3

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

There are no undisputed facts at this time.

## V. Case Management Plan

### A. Standing Order on Pretrial Deadlines

The parties do not request modification of the deadlines in the Standing Order on the Pretrial Deadlines.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before the entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). Should the Court order a pretrial conference, the parties prefer a conference by telephone.

### C. Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, but the parties intend to continue ongoing settlement discussions following initial exchanges of written discovery.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until [date] to file motions to join additional parties and until [date] to file motions to amend the pleadings.

   Plaintiff does not anticipate joining additional parties, unless discovery reveals the identity of such third-party defendants.  Should such a situation arise, Defendant would seek the Court's leave to file a third-party complaint consistent with the timeframe set forth by Rule 14.

2. Defendant should be allowed until [date] to file motions to join additional parties and until [date] to file a response to any amended complaint.

   Defendant does not anticipate joining additional parties, unless discovery reveals the identity of such third-party defendants. Should such a situation arise, Defendant would seek the Court's leave to file a third-party complaint consistent with the timeframe set forth by Rule 14.

### E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects: [list each of the principal issues of fact on which discovery will be needed; a statement that "discovery will be needed on liability and damages" is insufficient].

Defendant anticipates discovery will be needed:

1. To identify callers who Plaintiff alleges contacted him, especially AK Telemarketing and the other unnamed offshore telemarketers discussed within the First Amended Complaint. Defendant will also need to confirm whether any other callers were authorized sellers of Defendant.

2. To authenticate the source and destination of the calls and emails that Plaintiff claims he received. Defendant anticipates that this will require:
   o Call detail records (including meta-data identifying call origin and destination) to confirm that Plaintiff received the calls as alleged in the Complaint.
   o Emails in native form (including meta-data identifying account origin and destination) to confirm the authenticity of the emails attached Plaintiff's Complaint.
   o Additional details about Plaintiff's use of his cell phone as it relates to the purpose of the TCPA and the damage claims alleged in this case.

Plaintiff anticipates discovery will be needed:

1. To ascertain the degree of control Defendant exercises over its contractors.
2. How, and under what circumstances, Defendant supplies contractors with websites.
3. How, and under what circumstances, Defendant allows contractors to use Powur logos when advertising.
4. The current relationship between Defendant and each of the named contractors in the First Amended Complaint.
5. Whether Defendant has continued to accept referrals from the named contract in the First Amended Complaint.

2.  All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by November 29, 2023, and completed (not propounded) by May 28, 2024.

3.  Discovery will not be conducted in phases.

4.  Discovery will be completed by May 28, 2024.

5.  The parties anticipate that Plaintiff will require a total of 5 depositions of fact witnesses and that Defendant will require a total of 5 depositions of fact witnesses. The depositions will commence by November 29, 2023 and be completed by May 28, 2024.

6.  The parties will not request permission to serve more than 25 interrogatories.

7.  Plaintiff does not intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with the reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by [a date not later than 3

months before the deadline for completing all discovery]. Depositions of any such experts will be completed by [a date not later than 2 months before the deadline for completing all discovery].

8.    Defendant currently does not intend but reserves the right to call expert witnesses at trial. Defendant will designate its experts, if any, and provide opposing counsel with the reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by April 28, 2024. Depositions of such experts will be completed by May 28, 2024.

9.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 1, 2023.

### F. Dispositive Motions

Dispositive motions will be filed on or before **June 28, 2024**.

## VI.    Trial Readiness

The case will be ready for trail by **August 28, 2024**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

Plaintiff

By _____ Date:

Defendant

By s/ Karl S. Kronenberger Date:  December 1, 2023

The undersigned pro se parties certify that they will cooperate with all other parties, counsel of record and the Court to promote the just, speedy, and, efficient determination of this action.

Plaintiff s/ Brandon Callier  Date:  December 1, 2023

Defendant: _____ Date:

6

Respectfully submitted,

DATED: December 1, 2023          **KRONENBERGER ROSENFELD, LLP**


By:    s/ Karl S. Kronenberger
      Karl S. Kronenberger (CA Bar No. 226112)
      150 Post Street, Suite 520
      San Francisco, CA 94108
      karl@kr.law
      Telephone: (415) 955-1155
      Fax: (415) 955-1158

Attorneys for Defendant Powur, PBC

## <u>CERTIFICATE OF SERVICE</u>

I am a resident of the state of California, over the age of eighteen years and not a party to this action. My business address is 150 Post Street, Suite 520, San Francisco, California, 94108.

I hereby certify that on December 1, 2023 I served:

### 1) REPORT OF PARTIES' PLANNING MEETING

on the parties listed below as follows:

*Plaintiff pro se:*

Brandon Callier
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com

| X | BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the U.S. Postal Service the same day as it is placed for processing. |
|---|---|
| X | BY EMAIL, to the address(es) listed above. |
| X | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

DATED: December 1, 2023

<u>s/ Karl S. Kronenberger</u>
Karl S. Kronenberger

8